**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

—————————————————X
                                                     :
STEVEN OROZCO, on behalf of himself and all          :
others similarly situated,                           :
                                                     :
                    Plaintiff,                       :    Civil Action No.
                                                     :
vs.                                                  :    **CLASS ACTION COMPLAINT AND**
                                                     :    **JURY TRIAL DEMAND**
RANDOLPH WALZER & ASSOCIATES, LLC                    :
and RANDOLPH WALZER,                                 :
                                                     :
                    Defendants.                      :
                                                     :
—————————————————— X

Plaintiff STEVEN OROZCO (hereinafter "Plaintiff"), on behalf of himself and all

others similarly situated, by and through his undersigned attorney, alleges against the

above-named Defendants RANDOLPH WALZER & ASSOCIATES, LLC and

RANDOLPH WALZER (hereinafter "Defendants"), their employees, agents, and

successors, the following:

## PRELIMINARY STATEMENT

1.     Plaintiff brings this action for actual and statutory damages and

declaratory and injunctive relief arising from the Defendants' violation of 15 U.S.C. §

1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.     Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction and/or the violation occurred in this venue.

## DEFINITIONS

4.     As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5.     Plaintiff demands a jury trial on all issues.

## PARTIES

6.     The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7.     Plaintiff is a natural person and resident of the State of Florida, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8.     Defendant RANDOLPH WALZER & ASSOCIATES, LLC is a law firm

2

located at 2042 W. County Line road, Unit 8, Jackson, NJ  08527.

     9.    Defendant RANDOLPH WALZER is an individual attorney with a business address of 2042 W. County Line road, Unit 8, Jackson, New Jersey  08527.

     10.    Based upon information and belief, each Defendant is a company that uses the mail, telephone, email and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.  Each Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

     11.    Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters, emails and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

     12.    This Action is properly maintained as a class action. The Class consists of:

    All New Jersey consumers who were sent letters, and/or notices from either Defendant and which included the alleged conduct and practices described herein.

    • The Class period begins one year prior to the filing of this Action. The class definition may be subsequently modified or refined.

     13.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

    •   Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or

thousands of persons who have received debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter, email and/or notice that is sent to hundreds of persons (*See* **Exhibits A, B and C** attached to the Complaint**,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

  a.  Whether Defendants violated various provisions of the FDCPA.

  b.  Whether Plaintiff and the Class have been injured by the Defendants' conduct;

  c.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

  d.  Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

4

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.  Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If the Defendants' conduct is allowed to proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**STATEMENT OF FACTS**

14.     Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

15.     Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Service, telephone and/or the Internet.

16.     Each Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

17.     Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

18.     Prior to May 29, 2012, Plaintiff allegedly incurred a financial obligation to John Johnson Dodge related to an automobile purchase and loan ("the Debt").

19.     The automobile loan was subsequently assigned to Liberal Finance Service.

20.     The Debt obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

21.     The Debt obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

22.     John Johnson Dodge is a "creditor" as defined by 15 U.S.C. § 1692a(4).

23.     At some time prior to May 29, 2012, the Debt became past due with a balance of $8,738.02.

24.     Liberal Finance Service then referred the Debt to a debt collection law firm, Defendants' predecessor, for purposes of collection.

25.     On or about May 29, 2012, Liberal Finance Service, through Defendants' predecessor, filed suit against Plaintiff in the Superior Court of New Jersey,  Special Civil Part, Morris County, Dkt. No.  MRS-DC-004897-12  in  the  case  of  Liberal Finance Service v. Orozco, ("the State Court Action") seeking to collect on the Debt.

26.     On August 2, 2012, after Plaintiff failed to file an Answer, an Order for Default Judgment in the State Court Action was entered against Plaintiff in the sum of $8,738.02.

27.     On April 23, 2018, Defendants submitted a Substitution of Attorney in the State Court Action and became the attorney of record for Liberal Finance Service.

28.     On July 16, 2020, Defendants sent to Plaintiff a collection letter indicating that the amount of approximately $8,477.60 was owed on the judgment in the State Court Action.  A copy of the July 16, 2020 collection letter is attached as Exhibit A.

29.     On August 4, 2020, Plaintiff received a copy of a letter directed to Plaintiff's former employer indicating that the amount owed was not in fact $8,420.50, but rather $6420.50.   A copy of the August 6, 2020 letter is attached as Exhibit B.

30.     On January 7, 2021, Defendants filed an application for wage garnishment in the State Court Action, in which Defendants indicated a total amount due as of that date of $8,196.80.   A copy of the Application for Wage Garnishment is attached as Exhibit C.

31.     The July 16, 2020 collection letter mispresents that amount that Plaintiff owed at the time the July 16, 2020 letter was sent and/or the amount of any credits that

Plaintiff was entitled to.

32.     Additionally, the January 7, 2021 application for wage garnishment fails to properly indicate the amount that Plaintiff owed since the application failed to give Plaintiff credit for the $2000 referenced in the August 4, 2020 letter.

33.     Furthermore, the January 7, 2021 application for wage garnishment seeks excessive Court officer Fees since the wage execution application fails to reflect the $2000 credit that Plaintiff was entitled to receive as indicated in the August 4, 2020 letter.

34.     The collection letters and wage garnishment applications were each a "communication" as defined by 15 U.S.C. §1692a(2).

35.     The collection letters  and application for wage garnishment were each sent or caused to be sent by a person employed by Defendants as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

36.     Additionally, in the past year, Plaintiff had multiple telephone conversations with Defendants and their employees and agents.  However, in many of these communications Defendants and/or their representatives failed to indicate that the communications were with a debt collector.

37.     Plaintiff suffered injury in fact by being subjected to the unfair and abusive practices of Defendants.

38.     Plaintiff suffered actual harm by being the target of Defendants' misleading debt collection communications.

39.     Defendants violated Plaintiff's rights not to be the target of misleading debt collection communications.

40.     Defendants violated Plaintiff's right to a trustful and fair debt collection

8

process.

41.     Under the FDCPA, Plaintiff had the right to receive certain information from Defendants regarding his or her rights under the FDCPA.

42.     Defendants' communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendants' collection efforts.

43.     Defendants' collection letters provided confusing and incorrect information caused Plaintiff a concrete injury in that Plaintiff was deprived of his right to receive accurate and trustworthy information regarding his rights under the FDCPA.

44.     Defendants' communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendants' collection efforts.

45.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendants' false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

46.     As a result of Defendants' conduct, Plaintiff suffered an actual, concrete injury as a result of Defendants' failure to provide Plaintiff information required under the FDCPA.

47.     Plaintiff's receipt of a collection letter which provided incorrect, incomplete and confusing information constitutes a concrete injury.

48.     The failure of Defendants to provide correct information impeded Plaintiff's ability to make a well-reasoned decision.

49.     Defendants' failure to provide accurate information injured Plaintiff in that it impacted his or he ability to decide on how to proceed with respect to the matter – will he or she hire an attorney, represent himself, payoff the debt, engage in a payment plan, file for bankruptcy, etc.

50.     The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

## POLICIES AND PRACTICES COMPLAINED OF

51.     It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

> (a)     Using false, deceptive or misleading representations or means in connection with the collection of a debt;
>
> (b)     By making false representations of the character or legal status of a debt; and
>
> (c)     Using unfair or unconscionable means to collect or attempt to collect any debt.

52.     On information and belief, Defendants sent written communications, in the form annexed hereto as Exhibits to at least 30 natural persons in the State of New Jersey.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

53.     Plaintiff repeats the allegations contained in paragraphs 1 through 52 as if the same were set forth at length.

54.     Defendants violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

55.     By sending a collection letter and/or emails, the same as or substantially similar to the attached exhibits, Defendants violated:

A.  15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

B.  15 U.S.C. §1692e(2)(A), by falsely representing the character, amount, or legal status of any debt;

C.  15 U.S.C. §1692e(2)(B), by falsely representing any services rendered or compensation which may lawfully be received by a debt collector for the collection of a debt;

D.  15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;

E.  15 U.S.C. § 1692e(11) by failing to indicate in subsequent communications that the communication is from a debt collector.

F.  15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt; and,

G.  15 U.S.C. § 1692f(1), by collecting or attempting to collect any amount not expressly authorized by the agreement creating the debt or permitted by law; a

**WHEREFORE**, Plaintiff, on behalf of himself and others similarly situated, demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

 (d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:   Rutherford, New Jersey
      May 27, 2021

Respectfully submitted,

By: s/ Lawrence C. Hersh
    Lawrence C. Hersh, Esq.
    17 Sylvan Street, Suite 102B
    Rutherford, NJ  07070
    (201) 507-6300
    *Attorney for Plaintiff*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: May 27, 2021                    By: <u>s/ Lawrence C. Hersh</u>
                                            Lawrence C. Hersh, Esq

EXHIBIT A

LAW OFFICES
RANDOLPH WALZER & ASSOCIATES, LLC

RANDOLPH WALZER, ESQ.

P.O. BOX 1234
2042 W. COUNTY LINE ROAD · UNIT 8
JACKSON, NEW JERSEY 08527
TELEPHONE: 732-523-5300
FACSIMILE: 732-358-0562
E-MAIL: EMAIL@WALZERLAWFIRM.COM

16 July 2020

Steven Orozco

Re: Liberal Finance Service
Vs: Steven Orozco
Special Civil Part: Morris County
Docket No.: DC 4897-12

Dear Mr. Orozco:

This letter is a response to your inquiry dated 13 July 2020.  Please note that our firm represents Liberal Finance Service, and, in that capacity, we instituted the captioned action against you.  The court reports that you were served with the Summons and Complaint and that the Judgment was entered against you on 7 August 2012 in the sum of $8984.78.  The original loan note was attached to the Summons and Complaint indicating that the loan was made at the office of the Plaintiff's Assignor, John Johnson Dodge located at 10 Fanny Road., PO Box 269, Boonton NJ 07005.

I have verified this debt with Liberal Finance.  As I previously advised, we have received the sum of $1365.57 on the garnishment and the writ which I also forwarded to you had the sum of $9262.55 less the additional credit in the sum of $713.96 together with the dollarage on that sum equals the sum of approximately $8477.60 which is due herein.  Additionally, interest continues to accrue at the Statutory Rate.

If you have any additional questions, please feel free to reach out to our office.

Very truly yours,

Randolph Walzer

RW:aw
cc: Allyson Schwab-Miller
cc: Stevenorozco@live.com

Our firm is attempting to collect this debt.  Any information obtained will be used for that purpose.

EXHIBIT B

LAW OFFICES
## RANDOLPH WALZER ASSOCIATES, LLC

RANDOLPH WALZER, ESQ.

P.O. BOX 1234
2042 W. COUNTY LINE ROAD · UNIT 8
JACKSON, NEW JERSEY 08527
TELEPHONE: 732-523-5300
FACSIMILE: 732-358-0562
E-MAIL: EMAIL@WALZERLAWFIRM.COM

4 August 2020

Regions Bank
Serve Corporation Service Company
Princeton South Corporate Center
100 Charles Ewing Blvd.
Ewing NJ 08628

Re: Liberal Finance Service
Vs: Steven Orozco
Special Civil Part: Morris County
Docket No.: DC 4897-12

███████████ 2824

Dear Sir/Madam:

As you are aware, the captioned garnishment was served by Officer Romano. The amount was $8420.50 together with Court Officer's fee.

Now, a $2000.00 credit has been discovered and should be allowed to the Defendant.

Accordingly, please reduce the garnishment to $6420.50 together with Court Officer's fee. Thank you.

Very truly yours,

Randolph Walzer

RW:aw
cc: Steven Orozco
cc: Officer Ort
cc: Liberal Finance, Attn: Ramsey

Our firm is attempting to collect this debt. Any information obtained will be used for that purpose.

EXHIBIT C

RANDOLPH WALZER & ASSOCIATES LLC
PO BOX 1234
JACKSON, NJ 08527
732-523-5300
Attorneys for the Plaintiff

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION, SPECIAL CIVIL PART
MORRIS COUNTY

**DOCKET NO. DC 4897-12**

CIVIL ACTION

Liberal Finance Service

        Plaintiff

Steven Orozco

        Defendant

CERTIFICATE TO SUPPORT
WAGE EXECUTION

      RANDOLPH WALZER, Esq. of full age being duly sworn according to law upon my oath depose and say that the following information is accurate to the best of my knowledge, information, and belief:

<u>EMPLOYER ASSIGNMENT SCREEN</u>
US Postal Service
2825 Lone Oak Parkway
Eagan MN 55121

<u>EXECUTION ASSIGNMENT SCREEN</u>

| | |
|---|---|
| AMOUNT OF JUDGEMENT | $8,984.78 |
| MISC EXPENSES | $7.17 |
| ADDITIONAL INTEREST | $00.00 |
| NEW CREDITS | $ 1.68 |
| OLD CREDITS | $ 1667.97 |

<u>PARTY INFORMATION SCREEN</u>

Name of Defendant    Steven Orozco
Address

SS#    xxx-xx-x824

*Simple Interest has been calculated on the declining balance of the Judgment, after allowing credit for each payment made, in accordance with R 4:42-11(ii). A copy of the computer printout evidencing the interest calculation is annexed.

      I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.



7 January 2021        /s/ RANDOLPH WALZER, Esq.

**Wage Execution**

Superior Court of New Jersey
Law Division, Special Civil Part
MORRIS County
Telephone Number 8623975700 Ext. 75365
Docket Number: MRS-DC-004897-12

Order and Execution Against Earnings
Pursuant to 15 *U.S.C.* 1673 and *N.J.S.A.* 2A:17-56

Judgment Number   VJ-4492-12
Writ Number                          Issued

LIBERAL FINANCE SERV
_____

Plaintiff

                          vs

STEVEN OROZCO
_____

Designated Defendant

1190 144TH ST
_____
APT 4
_____
LARGO FL 33774
_____

Name and Address of Employer Ordered to Make Deductions
US POSTAL SERVICE
2825 LONE OAK PARKWAY
EAGAN MN 55121

Unless the designated defendant is currently subject to withholding under another wage execution, the employer is ordered to deduct from the earnings which the designated defendant receives and to pay over to the court officer named below, the lesser of the following: (a) 10% of the gross weekly pay; or (b) 25% of disposable earnings for that week; or (c) the amount, if any, by which the designated defendant's disposable weekly earnings exceed $217.50 per week, until the total amount due has been deducted or the complete termination of employment. Upon either of these events, an immediate accounting is to be made to the court officer. Disposable earnings are defined as that portion of the earnings remaining after the deduction from gross earnings of any amounts required by law to be withheld. In the event the disposable earnings so defined are $217.50 or less, if paid weekly, or $435.00 or less, if paid every two weeks, or $471.25 or less, if paid twice per month, or $942.50, or less, if paid monthly then no amount shall be withheld under this execution. In no event shall more than 10% of gross salary be withheld and only one execution against the wages of the designated defendant shall be satisfied at a time. Please refer to the section of this form titled "How to Calculate Proper Garnishment Amount".

The employer shall immediately give the designated defendant a copy of this order. The designated defendant may object to the wage execution or apply for a reduction in the amount withheld at any time. To object or apply for a reduction, a written statement of the objection or reasons for a reduction must be filed with the Clerk of the Court and a copy must be sent to the creditor's attorney or directly to the creditor if there is no attorney. A hearing will be held within 7 days after filing the objection or application for a reduction. According to law, no employer may terminate an employee because of a garnishment.

| | | |
|---|---|---|
| | | Date |
| Judgment Date | | 08/02/2012 |
| Judgment Award. | $ | 8738.02 |
| Court Costs & Stat Atty. Fees | $ | 246.76 |
| Total Judgment Amount | $ | 8984.78 |
| Interest from Prior Writs | $ | 0.00 |
| Costs from Prior Writs | $ | 87.34 |
| Subtotal A | $ | 9072.12 |
| Credits from Prior Writs | $ | 1667.97 |
| Subtotal B | $ | 7404.15 |
| New Miscellaneous Costs | $ | 7.17 |
| New Interest on this Writ | $ | 0.00 |
| New Credits on this Writ | $ | 1.68 |
| Execution Fees & Mileage | $ | 42.00 |
| Subtotal C | $ | 7451.64 |
| Court Officer Fee | $ | 745.16 |
| Total due this date | $ | 8196.80 |

_____
Judge

Michelle M. Smith
Clerk of the Superior Court

Make payments at least monthly to Court Officer as set forth:

_____
Court Officer

Plaintiff's Attorney and Address:

WALZER, RANDOLPH

RANDOLPH WALZER & ASSOCIATES LLC

2042 W COUNTY LINE RD UNIT 8

PO BOX 1234

JACKSON NJ 08527

732-523-5300

I RETURN this execution to the Court

☐ Unsatisfied   ☐ Satisfied   ☐ Partly Satisfied

Amount Collected            $ _____

Fee Deducted                    $ _____

Amount Due to Attorney    $ _____

Date   _____

_____

Court Officer:

**How to Calculate Proper Garnishment Amount**

| | |
|---|---|
| 1. Gross pay per pay period | $ |

2. Less amounts legally required to be deducted:

| | |
|---|---|
| a. Federal Income Tax | $ _____ |
| b. Social Security (FICA or OASDI) | $ _____ |
| c. Medicare | $ _____ |
| d. State Income Tax | $ _____ |
| e. Unemployment Insurance (SUI) | $ _____ |
| f. Temporary Disability Insurance (TDI) | $ _____ |
| g. Family Leave Insurance (FLI) | $ _____ |
| h. Workforce Development Fund/Supplement Workforce (WFD/SWF) | $ _____ |
| i. Other | $ _____ |

| | |
|---|---|
| 3. Total allowable deductions (add lines a - i) | $ |
| 4. Net pay (Subtract line 3 from line 1) | $ |

5. **Exemption Amount**

| If salary is paid: | Subtract |
|---|---|
| Weekly | $217.50 |
| Every two weeks | $435.00 |
| Twice per month | $471.25 |
| Monthly | $942.50 |

(Federal law prohibits any garnishment when net pay is smaller than the exemption amount on line 5)     - _____

6. Equals the amount potentially subject to garnishment (subtract line 5 from line 4 and if less than zero, enter zero)     = _____

7. Take net pay (line 4) and multiply by .25     $_____ x .25 =     _____

8. Take "gross pay" (line 1) and multiply by .10     $_____ x .10 =     _____

| | |
|---|---|
| 9. Compare lines 6, 7 and 8 - the amount which may lawfully be deducted is the smallest amount on line 6, line 7, or line 8. | $ |

Source: 15 U.S.C. 1671 *et seq.*; 29 C.F.R. 870; *N.J.S.A.* 2A:17- 50 *et seq.*

[Note: Former Appendix XI-I adopted effective January 2, 1989; amended June 29, 1990, effective September 4, 1990; amended July 14, 1992, effective September 1, 1992; redesignated as Appendix XI-J and amended July 13, 1994, effective September 1, 1994; amended September 27, 1996, effective October 1, 1996; amended July 30, 1997, effective September 1, 1997; amended July 28, 2004 to be effective September 1, 2004; amended July 3, 2007, to be effective July 24, 2007; amended July 2, 2008, to be effective July 24, 2008; amended July 9, 2009 to be effective July 24, 2009; amended November 6, 2013 to be effective November 25, 2013; amended July 22, 2014 to be effective September 1, 2014; amended August 1, 2016 to be effective September 1, 2016; amended March 7, 2017 to be effective immediately, amended July 31, 2020 to be effective September 1, 2020.